**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUPRAYITNO SUDARNO, | No. 08-71587 |
| Petitioner, | Agency No. A095-629-999 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Suprayitno Sudarno, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding for removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Sudarno contends he suffered past persecution and faces a clear probability of future persecution in Indonesia on account of his political opinion and his membership in a particular social group. Substantial evidence supports the agency's finding that Sudarno failed to establish that any emotional, psychological or economic harm he experienced, considered individually and cumulatively, establish past persecution on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177-78 (9th Cir. 2004) (mere economic disadvantage or discrimination does not amount to persecution); *cf. Mashiri v. Ashcroft*, 383 F.3d 1112, 1120-21 (9th Cir. 2004) (death threat, violence against family, vandalism of residence, threat of mob violence, economic harm and emotional trauma suffered by ethnic-Afghan family in Germany cumulatively rise to level of persecution).

Substantial evidence also supports the agency's finding that Sudarno failed to establish a clear probability of future persecution on account of political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir. 1997); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (concluding petitioner's fear of future persecution too speculative). In addition, the record does not compel the

conclusion that he established a likelihood of persecution for leaving Indonesia and applying for asylum. *See Kozulin v. INS*, 218 F.3d 1112, 1118 (9th Cir. 2000) (rejecting similar contention because petitioner offered insufficient proof that he will suffer punishment or that it would be disproportionately severe).

Finally, substantial evidence supports the agency's finding that Sudarno failed to establish a clear probability of future persecution on account of his membership in a particular social group. *See Wakkary v. Holder*, 558 F.3d 1049, 1065-66 (9th Cir. 2009) (absent a pattern or practice of persecution, some evidence of individualized risk is necessary for an applicant for withholding of removal to succeed). Accordingly, petitioner's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**